**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **IN RE GENESIS MARINE, LLC, AS** | § | **Civil Action No.** |
| **OWNER OF THE M/V KAREN PAPE,** | § | |
| **FOR EXONERATION FROM OR** | § | **Admiralty – Rule 9(h)** |
| **LIMITATION OF LIABILITY** | § | |
| | § | |

**COMPLAINT AND PETITION**
**FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner Genesis Marine, LLC ("Genesis"), as owner, of the vessel *KAREN PAPE*, its engines, equipment, gear, tackle, etc. (the "Vessel"), brings this Complaint and Petition for Exoneration From or Limitation of Liability (the "Complaint"), under both civil and maritime law, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims & Asset Forfeiture Actions ("Supplemental Rules"), and 46 U.S.C. §§ 30501, *et seq.*, and reserving all rights to enforce any and all applicable forum and venue selection clauses related to this action. In support thereof, Petitioner respectfully shows as follows:

1.

This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules.

2.

Genesis is, and was at all material times, a foreign limited liability company with its principal place of business in Texas.

3.

Petitioner is and at all material times hereto, the owner, of the Vessel, and/or is considered "owner" of the Vessel under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, as a party or parties sought to be held liable "as owner" of the Vessel, per the claims set forth in this Complaint, and accordingly are entitled to the protections afforded by the Limitation of Liability Act.

4.

At all material times, the *KAREN PAPE* was and is a 2009-built push boat measuring 85.8 feet in length and 32 feet in width with official No. 1216948. At all material times, the Vessel complied with all applicable United States Coast Guard regulations.

5.

At all material times, Petitioner exercised due diligence to make and maintain the Vessel seaworthy in all respects, and at all material times the Vessel was in fact seaworthy in all respects; in good order and condition; and suitable for the service in which the Vessel was engaged.

6.

The Vessel was on a voyage on or about March 3, 2026, on which day a member of the crew of the Vessel, Cody Fowler, allegedly injured himself while pulling a hose.

7.

The above-described events, and any injury or loss arising out of those events, were not caused or contributed to by any fault, negligence, or lack of due care or diligence on the part of Petitioner, the design or condition of the Vessel, any unseaworthiness or fault of the Vessel, any person in charge of the Vessel, or any person for whom Petitioner was or is responsible.

8.

The incident, and any injury or loss sustained by any and all persons or entities which may have resulted from the incident, could only have been caused or contributed to without the privity or knowledge of Petitioner.

9.

Rather, the incident and any injury or loss arising out of or related to the incident are due to and/or caused by the fault, negligence, or lack of due care or diligence of others for whom Petitioner is not responsible.

10.

Cody Fowler asserted a claim against Genesis in the matter titled "*Cody Fowler v. Genesis Marine, Inc.*," in Case No. 2026-20625, 215th J.D.C. Harris County, State of Texas for an amount which upon information and belief exceeds the total sum they may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

11.

Except as stated in herein, Petitioner is, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessel *in rem* in connection with the incident made the subject of this Complaint.

12.

Notwithstanding the fact that the alleged incident and any injury or loss occurred without the fault, privity, or knowledge of Petitioner or anyone for whom Petitioner is, or at any material time was, responsible, a claim has been made against Petitioner.

13.

As a result of the alleged events, as stated, on March 27, 2026, Cody Fowler filed his Original Petition against Petitioner in the 215th Judicial District Court of Harris County, Texas, Case No. 2026 - 20625, alleging damages as a consequence of the above-described incident. The Original Petition makes claims against Petitioner for negligence and damages.

14.

Petitioner received a copy of Fowler's Original Petition on April 1, 2026, which served as Petitioner's first written notice of Fowler's claim against it. This Complaint is filed within six months from the date Petitioner first received written notice of a limitable claim and within six months of the alleged incident.

15.

The value of Petitioner's interest in the Vessel following the above-described voyage does not exceed the sum of ONE MILLION SIX HUNDRED THOUSAND U.S. DOLLARS ($1,600,000.00). Attached hereto as **Exhibit A** is a Declaration of Value confirming the value of the Vessel.

16.

Concurrently with the filing of this Complaint, Petitioner will file with the Court, as security for the benefit of all potential claimants, an *Ad Interim* Stipulation in the sum of ONE MILLION SIX HUNDRED THOUSAND U.S. DOLLARS ($1,600,000.00), plus interest at six percent (6%) per annum from the date of the Stipulation, representing the maximum value of Petitioner's interest in the Vessel at the conclusion of the above-described voyage.

17.

Petitioner desires to contest any claims asserted against it, and the liability of the Vessel, if any, for such injury or loss occasioned or incurred on the above-described voyage, and Petitioner further claims exoneration from liability for any injury or loss caused by the alleged incident. Petitioner alleges it has valid defenses on the facts and on the law to the claims of Cody Fowler and/or any future claimant.

18.

Alternatively, Petitioner, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in The Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*., Rule F of the Supplemental Rules, and the rules and practice of this Court and the Supreme Court of the United States. While not in any way admitting that Petitioner bears any liability for any injury or loss, Petitioner claims and is entitled to have its liability, if any, limited to the amount or value of its interest in the Vessel at the conclusion of the voyage at issue.

19.

Should it later appear that Petitioner is or may be liable and that the amount or value of its interest in the Vessel is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the sum represented by the Stipulation, saving to all such claimants any rights of priority they may have.

20.

Petitioner has been sued with respect to the above-described events in Harris County, Texas, which is within this District. Accordingly, venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules.

**PRAYER**

For these reasons, Petitioner Genesis Marine, LLC prays that:

(a) This Court issue an Order approving the above described *Ad Interim* Stipulation deposited with the Court by Petitioner, as security for the value of its interest in the Vessel;

(b) This Court issue an Order directing the issuance of a Notice of Complaint to all persons who might have any claim resulting from the alleged casualty or during the voyage on which the Vessel was then engaged, citing them to file their respective claims with the Clerk of this Court, and to serve copies of said claims upon the attorney for Petitioner on or before the time fixed by this Court or be forever barred and permanently enjoined from making and filing any such claims, to make proof of their claims before this Court, and to appear and answer the allegations of this Complaint;

(c) This Court issue an injunction restraining the prosecution of all proceedings (except in the present proceeding) to recover for damages allegedly arising out the voyage on which the Vessel was then engaged, against Petitioner, its underwriters, agents, representatives, or any other employee or property of Petitioner whatsoever, or any persons for whom Petitioner may be responsible, or the Vessel, in respect of any claim arising out of the voyage;

(d) This Court, assuming that a claim is filed in this proceeding against Petitioner, its underwriters, agents, representatives, or any other person whatsoever for whom Petitioner may be responsible, or the Vessel, adjudge:

1. Petitioner, its underwriters, agents, representatives, or any other person whatsoever for whom Petitioner may be responsible, and the Vessel, are not liable to any extent for any injury or loss in any way arising out of the alleged

occurrence, and that the Vessel and Petitioner, their underwriters, agents, representatives, or any other person whatsoever for whom Petitioner may be responsible, are exonerated from any and all liability which may be claimed as a result of the events in question;

2. Alternatively, if Petitioner, its underwriters, agents, representatives, or any other person whatsoever for whom Petitioner may be responsible, and/or the Vessel shall be adjudged liable, then that such liability be limited to the value of Petitioner's interest in the Vessel for the voyage in which the Vessel was engaged at the time of the events in question, and that the money to be paid be divided *pro rata* among such claimants as may prove their claims, if any, before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner, its underwriters, agents, representatives, or any other person whatsoever for whom Petitioner may be responsible, and the Vessel from all further liability; and

(e) That Petitioner have such other and further relief as the justice of the cause may require.

Respectfully submitted,

*/s/ Jonathan Henneberg*

Evans Martin McLeod
LA Bar No. 24846
Fed ID 411950
Jonathan M. Henneberg
LA Bar No. 40815
Fed ID 3894459
Kenderick M. Jordan
Texas Bar No.:24145378
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: Marty.McLeod@phelps.com
Email: jonathan.henneberg@phelps.com
Email: kenderick.jordan@phelps.com

**ATTORNEYS-IN-CHARGE FOR PETITIONER GENESIS MARINE, LLC**

**OF COUNSEL:**
**PHELPS DUNBAR LLP**
Ashley Palermo (*to be admitted pro hac vice*)
LA Bar No. 40708
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-679-5514
Telecopier: 504-568-9130
Email: ashley.palermo@phelps.com